**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4763**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

          v.

ROMALDO SALAS MENDOZA, a/k/a Jose Cambre Camacho,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:11-cr-00051-CCE-3)

Submitted: June 21, 2012                Decided:  June 25, 2012

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven R. Kiersh, KIERSH LAW OFFICE, Washington, DC, for Appellant.  Ripley Rand, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Romaldo Salas Mendoza appeals his forty-six-month sentence imposed after he pled guilty pursuant to a plea agreement to one count of possession of firearms by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (2006). Mendoza asserts that the district court erred when it calculated his Guidelines range because he argues that his base offense level should not have been increased: (1) two levels, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(1)(A) (2010), because he asserts that the Government did not establish that his crime involved more than the one firearm recovered from his bedroom; and (2) four levels, pursuant to USSG § 2K2.1(b)(6) (2010), because he asserts that the Government did not establish that he used or possessed a firearm "in connection with another felony offense[.]"  We affirm.

The burden is on the Government to establish by a preponderance of the evidence that the district court should apply a sentencing enhancement. See United States v. Blauvelt, 638 F.3d 281, 293 (4th Cir.), cert. denied, 132 S. Ct. 111 (2011).  We review the sentence imposed by a district court under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007).  We nonetheless review the district court's factual findings underlying its Guidelines range calculation for clear error, and its legal conclusions de

2

novo. <u>United States v. Harvey</u>, 532 F.3d 326, 336 (4th Cir. 2008). We have reviewed the record and have considered the parties' arguments and discern no error in the district court's decision to increase Mendoza's offense level under USSG §§ 2K2.1(b)(1)(A), (b)(6).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>